IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **4:18CR3092** |
| vs. | |
| ROBERT HARRY GOODMAN JR., | **FINDINGS AND RECOMMENDATION** |
| Defendant. | |

Defendant has moved the court for an order suppressing all evidence obtained during the seizure and subsequent search of the defendant's iPhone and iPads, such devices having been seized by law enforcement during an April 9, 2018 vehicle stop. (Filing No. 31). Goodman argues that the warrant to search those devices was issued without probable case. (Filing No. 32, at CMECF p. 3). Defendant argues the warrant affidavit contained "generic and boiler-plate statements which were unreliable, vague, conclusory, and made without proper foundation," and even the non-generic statements related to Goodman's conduct were vague, conclusory and insufficient to support a finding of probable cause. (Id., at CM/ECF p. 4).

FACTUAL ANALYSIS

Defendant does not argue that the information within the warrant affidavit was false, that material information was concealed, or that any of the affidavit information is fruit of a Fourth Amendment violation. As such, as to Defendant's challenge to the warrant itself, the court's review will be limited to the facts included within the warrant affidavit.[1] Those facts are as follows:

---

[1] This decision does not foreclose Defendant's separate but related claim that the electronic devices were unlawfully seized at the time of the traffic stop, and as such, the information gleaned from searching the devices is fruit of prior Fourth Amendment violations.

A traffic stop was conducted on May 9, 2018. The vehicle was rented from Enterprise. Defendant, the driver, stated his address is 180 Nature Lane, Arcata, California, a location very close to a marijuana greenhouse. The officer who stopped the vehicle called a drug dog to the scene. When the dog arrived, Defendant consented to a canine sniff of his vehicle.

The drug dog was deployed, and it alerted and indicated to the odor of narcotics coming from the vehicle. During the ensuing vehicle search, officers opened a large Stow-N-Go bag located on the back seat and found double vacuum sealed bundles of currency totaling $381,000. The officers smelled the odor of marijuana emanating from the bag. They also found two THC vapor cartridges, an Apple iPad 2, and a green USB flash drive inside a brown bag within the vehicle.

The flash drive, iPad, and a black Apple iPhone 7 were transported to the Lancaster County Sheriff's Office and booked into LPD Property.

While detained at the Lancaster County Jail, Defendant made phone calls that were recorded and later reviewed by law enforcement. During a call made to a female on May 9, 2018, Defendant explained that he had been stopped for a traffic violation, a warrant was being requested to search his phone, and the female should call everyone on his phone for this trip and all previous trips, so they can "clean everything up and maybe move some stuff."

Based on the affiant officer's training and experience, people involved in narcotic related activity commonly use cellular telephones as the primary means for facilitating narcotic transactions. (Filing No. 34-2, at pp. CMECF 4-5). For 2017 and 2018, of the 162 cell phones seized during drug interdiction stops and then searched by the Lancaster County Sheriff's Department, over 95% contained evidence of illegal drug trafficking, including communications to arrange narcotic deals, money transfers, and other evidence of illegal activity. Cellular phones can contain data in memory such as email,

communications applications, text messages, calendar events, contacts, photographs, and video of illegal narcotics transactions and call records, as well as GPS location data including waypoints, search history, home location, and routes of travel.

ANALYSIS

A judicial officer presented with a warrant application must consider the "totality of the circumstances" to determine if probable cause exists to justify issuing a search warrant. Illinois v. Gates, 462 U.S. 213, 230 (1983). "Probable cause to issue a search warrant exists when an affidavit in support of the warrant sets forth sufficient facts to establish that there is a 'fair probability that contraband or evidence of' criminal activity will be found in the particular place to be searched." U.S. v. Proell, 485 F.3d 427, 430 (8th Cir. 2007)(quoting United States v. Davis, 471 F.3d 938, 946 (8th Cir. 2006)(quoting Gates, 462 U.S. at 238 (1983)). The court must "'make a practical, common-sense decision' of whether, given all the circumstances set forth in the warrant application, there is a fair probability that evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)); United States v. Horn, 187 F.3d 781, 786 (8th Cir. 1999)(quoting Gates, 462 U.S. at 238)). "After a judge has issued a search warrant upon a finding of probable cause, 'that finding deserves great deference.'" Proell, 485 F.3d at 430 (quoting Walden v. Carmack, 156 F.3d 861, 870 (8th Cir. 1998)).

Here, the warrant affidavit in this case explained the affiant officer's training and experience and based on his background, and the past experience of the Lancaster County Sheriff's office, drug traffickers often use cell phones and other devices to store information related to drug trafficking. This information, combined with the affidavit's description of a positive drug sniff of Defendant's vehicle, the large amount of bundled currency found during the stop, the officers' ability to smell marijuana in the bag holding that currency, and Defendant's jail call, stating that all his trip contacts should delete their cell records because his cell phone was going to be searched, clearly established probable cause to search the iPhone and iPad retrieved from Defendant's vehicle.

Contrary to Defendant's argument, this information within the affidavit was not conclusory, generic, boilerplate, or vague, and it sufficiently supported issuing the requested warrant.

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, Chief United District Court Judge, pursuant to 28 U.S.C. § 636(b), that the motion to suppress filed by the defendant (Filing No. 31) be denied.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

February 4, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

4