IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT HARRY GOODMAN JR.,<br><br>Defendant. | 4:18CR3092<br><br>FINDING, RECOMMENDATION, AND ORDERS |

On August 22, 2018, an Indictment was filed charging Defendant Goodman with the offense of interstate trafficking in aid of racketeering, under 18 U.S.C. §§ 1952(a)(1) and 1952(a)(3). On January 22, 2019, Defendant filed several pretrial motions. Of those motions, the following are fully submitted and pending before me:

| | |
|---|---|
| Filing No. 24: | Defendant's motion to dismiss; |
| Filing No. 28: | Defendant's motion for bill of particulars; |
| Filing No. 35: | Defendant's motion for an order permitting an independent test of items of evidence. |

For the reasons stated below, Defendant's motion to dismiss should be denied, the motion for bill of particulars will be denied, and the motion for an order permitting an independent test of items of evidence will be granted.

ANALYSIS

Motion to Dismiss
(Filing No. 24)

The indictment against Defendant alleges:

> Between on or about May 6, 2018, and May 9, 2018, in the District of Nebraska and elsewhere, Defendant ROBERT HARRY GOODMAN, JR., did knowingly and intentionally use any facility in interstate and foreign commerce with the intent to distribute the proceeds of an unlawful activity and to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, namely a business enterprise involving distribution of controlled substances, in violation of Title 21, United States Code, Section 841 , and conspiracy to distribute controlled substances in violation of Title 21, United States Code Section 846, and thereafter performed and attempted to perform an act to distribute the proceeds of such unlawful activity and performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity.

Filing No. 1.

The defendant has moved to dismiss the indictment, arguing that the indictment fails to adequately allege necessary elements of the crime charged. (Filing No. 24). However, "[t]he true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,'" and alleges adequate information to permit a defendant to plead a conviction or acquittal to bar a subsequent prosecution. United States v. Debrow, 346 U.S. 374, 376 (1953); United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993).

"In determining whether an Indictment has sufficiently set forth the elements of the charge, the Indictment will generally be deemed sufficient 'unless no reasonable construction can be said to charge the offense.'" United States v. Hughson, 488 F. Supp. 2d 835, 840-41 (D. Minn. 2007) (quoting United States v. Peterson, 867 F.2d 1110, 1114 (8th Cir. 1989)). The sufficiency of an indictment is "tested solely on the basis of the allegations made on its face, and such allegations

are to be taken as true." United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994). "An indictment is ordinarily sufficient if it 'tracks the statutory language.'" United States v. Wearing, 837 F.3d 905, 910 (8th Cir. 2016).

Defendant is charged with interstate foreign travel or transportation in aid of racketeering enterprises in violation of Title 18, United States Code, Sections 1952(a)(1) and 1952(a)(3). 18 U.S.C. §§ 1952(a) states:

> (a) Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with the intent to—
>
> (1) distribute the proceeds of any unlawful activity; or
>
> . . . .
>
> (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
>
> And thereafter performs or attempts to perform—
>
> (A) an act described in paragraph (1) or (3) shall be fined under this title, imprisoned not more than 5 years, or both . . .

18 U.S.C. §§ 1952(a)(1), 1952(a)(3). As defined in 18 U.S.C. 1952(b), "unlawful activity" includes "any business enterprise involving . . . narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act). . ." 18 U.S.C. § 1952(b).

The crime defined in 18 U.S.C. §§ 1952(a) has three elements: (1) the defendant traveled in interstate commerce; (2) the defendant did so with the intent to distribute the proceeds of any "unlawful activity," or to "promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity" and, (3) "the defendant knowingly committed

an act in performing or attempting to perform the unlawful activity."[1] Judicial Committee on Model Jury Instructions for the Eighth Circuit, Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 6.18.1952, at 39 (2017).

As to the first element, Defendant argues that "[n]othing within the Indictment provides reference to the controlled substance alleged to constitute a federal crime." (Filing No. 25). Therefore, Defendant argues:

> [t]he failure to include the substance alleged to have been used during the course of the 'business enterprise' fails to inform the Defendant of the charges against which he must defend and it does not allege sufficient information to allow a Defendant to plead a conviction or acquittal as a bar to subsequent prosecution.

(Filing No. 25, at CM/ECF p. 5).

Conversely, the government contends that the indictment tracks the statutory language, thereby sufficiently providing defendant with fair and adequate notice of the charge against him. (Filing No. 49, at CM/ECF p. 3). The government argues:

> [Defendant] is on notice that he is charged with traveling in interstate commerce to distribute the proceeds of, or promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of unlawful activity, and describes the unlawful activity as a business enterprise involving the distribution of controlled substances.

(Filing No. 49, at CM/ECF p. 5).

---

[1] Commonly referred to as the "overt act requirement."

4

The court finds that the indictment alleges with adequate specificity the "unlawful activity" with which he is charged under 18 U.S.C. 1952(a)(1) and 1952(a)(3). (See Filing No. 1). The indictment notifies Goodman that he is charged with traveling in interstate commerce "with the intent to distribute the proceeds of an unlawful activity[2] . . . namely a business enterprise involving distribution of controlled substances." Filing No. 1. The indictment need not state the specific controlled substance the business enterprise is allegedly distributing.

As to the second element, Defendant argues that "[o]ne isolated incidence of criminal activity, even though involving interstate commerce is insufficient to sustain a Travel Act conviction." (Filing No. 25, at CM/ECF p. 10) (quoting U.S. v. Perez, 700 F.2d 1232, 1239 (1983). Defendant contends that "the Indictment reference[s] a short window of time (May 6, 2018 and May 9, 2018) and contain[s] nothing to evidence a 'continuous course of conduct' sufficient to constitute a 'business enterprise.'" (Filing No. 25, at CM/ECF p. 11).

In Perez, the Eighth Circuit Court of Appeals held that pursuant to 18 U.S.C. § 1952(b), "business enterprise," generally requires that "[t]here must be evidence of a continuous enterprise and at least one act in interstate commerce in furtherance of that enterprise." Perez, 700 F.2d at 1239. See also, Judicial Committee on Model Jury Instructions for the Eighth Circuit, Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 6.18.1952 (Notes on Use), at 40 (2017) ("evidence of past and future plans for the distribution of drugs and of an ongoing enterprise involving the distribution of drugs was sufficient to establish continuous court of conduct") (citing United States v.

---

[2] "and to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity . . ." (Filing No. 1).

Krevsky, 741 F.2d 1090, 1094–95 (8th Cir. 1984). Here, the indictment, on its face, alleges that a "business enterprise" existed and Defendant engaged in an act in furtherance of that enterprise. The evidentiary support for these allegations is a matter for trial. It need not be explained within the language of the indictment itself.

As to the third element, Defendant argues that the indictment is fatally defective because it fails to specify an overt act committed in furtherance of the illegal activity. (Filing No. 25, at CM/ECF p. 11). The court disagrees. The indictment charges that after traveling in interstate commerce with the intent to distribute the proceeds of an unlawful activity, Defendant "performed and attempted to perform an act to distribute the proceeds of such unlawful activity and performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity." (Filing No. 1). The indictment tracks the statutory language under which Defendant is charged and sufficiently alleges an act in furtherance of the illegal activity. U.S. v. Admon, 940 F.2d 1121, 1125 (8th Cir 1991) ("any act tending to carry on or to facilitate the carrying on of the unlawful activity, done after the interstate travel is completed, satisfies the overt act requirement . . . . [Defendant's] act of lying about the amount of cash she carried thus satisfies the requirement of an overt act in furtherance of unlawful activity.").

The Indictment sufficiently sets forth each of the elements of the charge. Defendant's motion to dismiss should be denied.

Motion for a Bill of Particulars
(Filing No. 28)

Defendant moves for an order requiring the government to file a bill of particulars. (Filing No. 28). Goodman argues that "the factual items missing from

the Indictment (e.g., the controlled substance at issue, the substance of the unlawful activity; the members of the agreement and the overt act)" renders the indictment insufficient to fairly inform the defendant of the charges such that the defendant can prepare a defense. (Filing No. 29, at CM/ECF p. 9).

The government opposes Defendant's motion for bill of particulars, stating that it has already provided extensive discovery and afforded Defendant sufficient notice of the charges and ample opportunity to prepare a defense.

> If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars. See Fed.R.Crim.P. 7(f). The purpose of a bill of particulars is to inform the defendant of the nature of a charge with "sufficient precision to enable him to prepare for trial" and "to avoid or minimize the danger of surprise at trial."

U.S. v. Livingstone, 576 F.3d 881 (8th Cir. 2009).

Here, Defendant has received the government's Rule 16 disclosures, which includes:

> copies of reports by the investigating officers, which identify the controlled substance involved as marijuana; copies of cruiser video from one Lincoln Police officer and two Lancaster County Sheriff's Department deputies who were involved in the stop and ensuing search of Goodman's vehicle; video, photos and text messages contained within Goodman's phone which include photos of and references to marijuana growing and recorded jail calls made by Goodman to suspected co-conspirators in California.

(Filing No. 49, at CM/ECF pp. 1–2). Furthermore, as will be further discussed below, the government has no objection to Defendant's counsel making arrangements to independently inspect and test (where applicable) the government's evidence.

7

Under these circumstances, Goodman is not entitled to a bill of particulars.

### Motion for Order Permitting Independent Test of Items of Evidence
### Filing No. 35

Finally, Defendant moves the court for an order permitting the inspection and independent testing of "several items of evidence to be used by the Plaintiff in this case." (Filing No. 35, at CM/ECF p. 1). Defendant seeks to independently test "any tangible items the Government plans on offering testimony about which allegedly smelled like marijuana and/or tested positive for marijuana (e.g., cannabis)." (Filing No. 35, at CM/ECF p. 1).

The government does not contest the Defendant's request, except insofar as "the government cannot make the seized currency available for inspection or independent testing, because the currency was converted to a cashier's check in June of 2018 and forfeited." (Filing No. 50, at CM/ECF p. 2). As to other items of tangible evidence, the government states:

> If Defendant's counsel wishes to inspect the van and other items held within Lincoln Police Department/Lancaster Sheriff's Department Property, he may do so. However, it would be most efficient for him to arrange to do so by contacting counsel for the government. If Defendant's counsel wishes to do independent testing, he should make arrangements through counsel for the government for the item or items requested to be sent to a particular laboratory, etc., for testing, making arrangements for shipping to the facility and ensuring its return in a condition usable as evidence at trial to LPD/LSO Property.

(Filing No. 50, at CM/ECF p. 1).

Accordingly, Defendant's counsel is permitted to independently test these items of evidence (excluding the converted currency), provided all testing is conducted in accordance with the above-stipulated protocol.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that Defendant's motion to dismiss (Filing No. 24) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

1) Defendant's motion for bill of particulars (Filing No. 28) is denied.

2) Defendant's motion for an order permitting an independent test of items of evidence (Filing No. 35) is granted as consistent with the government's terms regarding advance notice, shipment, and return.

Dated this 26th day of February, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge