IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18-CR-3092 |
| vs. | MEMORANDUM AND ORDER |
| ROBERT H. GOODMAN, JR., | |
| Defendant. | |

    This matter is before the Court on the defendant's objection (filing 45) to the Magistrate Judge's findings and recommendation (filing 44) that the defendant's motion to suppress evidence obtained by search warrant (filing 31) be denied. The Court has conducted a de novo review of the motion to suppress, pursuant to 28 U.S.C. § 636(b)(1). On its de novo review, the Court agrees with the Magistrate Judge's findings and recommendation, and will adopt them.

    The Court, when reviewing an affidavit in support of a search warrant, considers the totality of the circumstances to determine whether probable cause exists to justify issuance of the warrant. *Illinois v. Gates*, 462 U.S. 213, 230 (1983). Probable cause for a search warrant exists when the facts in the affidavit establish a fair probability that evidence of criminal activity will be found in the place, or, as in this case, the items to be searched. *Id.* at 238.

    The defendant argues that the Magistrate Judge's findings and recommendation incorrectly characterized the defendant's statement in a telephone conversation. However, without considering this conversation, the Court finds that there is a sufficient factual basis in the officer's affidavit to establish a fair probability that the defendant was engaged in criminal activity—that being the transport and delivery of marijuana—and that evidence of this criminal activity will be found in a search of his cell phone and iPad. The affidavit described the circumstances of the defendant's arrest, his

voluntary statements regarding his activities, his consent to an exterior K-9 inspection of his vehicle, and the evidence found as a consequence of the traffic stop, together with the officer's training and experience with narcotic-related activity. The Court finds that that the evidence recited in the officer's affidavit sufficiently supports the issuance of the warrant to search the defendant's electronic devices.

IT IS ORDERED:

1.  The Magistrate Judge's Findings, Recommendation, and Order (filing 44) are adopted.

2.  The defendant's objections (filing 45) are overruled.

3.  The defendant's motion to suppress (filing 31) is denied.

Dated this 9th day of April, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge