IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT H. GOODMAN, JR.,<br><br>    Defendant. | 4:18-CR-3092<br><br>MEMORANDUM AND ORDER |

   This matter is before the Court on the defendant's objection (filing 61) to the Magistrate Judge's findings and recommendation (filing 59) that the defendant's motion to dismiss the indictment for failure to state an offense (filing 24) be denied. The Court has conducted a de novo review of the motion to dismiss, pursuant to 28 U.S.C. § 636(b)(1). On its de novo review, the Court agrees with the Magistrate Judge's findings and recommendation, and will adopt them.

   The defendant is charged with violation of 18 U.S.C. §§ 1952(a)(1) and 1952(a)(3)—interstate and foreign travel or transportation in aid of racketeering enterprises. The indictment tracks the statutory text, and specifies the unlawful activity involved to be violations of 21 U.S.C. §§ 841 and 846—distribution of controlled substance and conspiracy to distribute controlled substances. "An indictment is ordinarily sufficient if it 'tracks the statutory language.'" *United States v. Wearing*, 837 F.3d 905, 910 (8th Cir. 2016); *see* filing 59 at 3.

   The defendant argues the Magistrate Judge incorrectly concluded that the indictment was sufficient despite not specifying the controlled substance, or the facts of the business enterprise involving the controlled substance in which the defendant was allegedly involved. But an indictment is sufficient if it fairly informs the defendant of the charges and allows him to plead double

jeopardy as a bar. *United States v. Helmel,* 769 F.2d 1306, 1320 (8th Cir. 1985) (citing *Hamling v. United States,* 418 U.S. 87, 117 (1974)). The sufficiency of an indictment is to be reviewed practically—viewing the indictment as a whole, and not hypertechnically. *United States v. Fassnacht,* 332 F.3d 440, 445 (9th Cir. 2003).

The defendant acknowledged that he received Rule 16 discovery disclosures and does not complain about the sufficiency of the Government's production. Filing 62 at 3-4. An indictment is sufficient to fairly inform the accused of the charges, and no bill of particulars is needed, if the defendant has access to the necessary information through discovery or some other satisfactory form. *United States v. Johnson,* 225 F. Supp. 2d 982, 994 (N.D. Iowa 2002) (collecting cases). In any event, although the Court does not find the indictment to be deficient, the defendant's receipt of discovery fairly informs him of the charges against him.

The defendant also objects to the Magistrate Judge's conclusion that the indictment adequately specifies an overt act committed in furtherance of the illegal activity. Filing 62 at 6. But again, the indictment tracks the statutory language and the defendant does not complain about the sufficiency of the Government's Rule 16 discovery disclosures. Accordingly, the defendant has been fairly informed of an overt act committed in furtherance of illegal activity. Finally, the defendant's argument that he did not complete interstate travel and was therefore incapable of committing a Travel Act violation does not contest the sufficiency of the indictment—but, rather, is a matter to be proved at trial.

IT IS ORDERED:

1. The Magistrate Judge's Findings, Recommendation, and Order (filing 59) are adopted.

2.     The defendant's objection (filing 61) is overruled.

3.     The defendant's motion to dismiss (filing 24) is denied.

Dated this 9th day of April, 2019.

BY THE COURT:

_____
John M. Gerrard
Chief United States District Judge