IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT HARRY GOODMAN, JR.,<br><br>　　　　　　Defendant. | 4:18-CR-3092<br><br>TRIAL ORDER |

　　　The trial of this case previously scheduled for next week presents several scheduling conflicts for the Court. Upon consultation with the parties, including discussion of whether the case should be reassigned to another district judge for trial next week, the parties have agreed that continuance to February 10, 2020 is an appropriate course of action. Accordingly,

　　　IT IS ORDERED:

　　　1.　　The jury trial of the above-captioned criminal case before the undersigned judge is continued until **9:15 a.m.** on **Monday, February 10, 2020**, or as soon thereafter as the case may be called, in Courtroom 1, Robert V. Denney Federal Building and U.S. Courthouse, 100 Centennial Mall North, Lincoln, Nebraska, for a duration of 3 trial days. This case shall be the first listed on the Court's trial docket for that week.

　　　2.　　The ends of justice served by continuance of this trial outweigh the interest of the public and the defendant in a speedy trial, due to the need to accommodate the parties and witnesses by establishing

a date certain for trial of this case, and the time between today's date and February 10, 2020 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act. Failure to promptly object to this order will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

3. A pretrial conference is scheduled to be held before the undersigned judge in chambers at **8:30 a.m.** on **Monday, February 10, 2020**.

4. The filing, briefing, and hearing of pretrial motions, including *ex parte* motions and applications, shall be governed by NECrimR 12.1 to 12.6. Motions shall be filed on or before **Wednesday, February 5, 2020**. Counsel must immediately notify the Court of any pretrial motion requiring an evidentiary hearing outside the presence of the jury.

5. The plaintiff shall file and serve on opposing counsel on or before **Thursday, February 6, 2020**, as appropriate, all proposed jury instructions, trial briefs, suggested verdict forms, and witness lists. In particular, the plaintiff's witness list shall include the full name and address of each witness whom the party may call to testify at trial.

6. The defendant is also encouraged to provide the Court, on or before **Thursday, February 6, 2020**, proposed jury instructions and a

trial brief. Any materials so submitted shall not be disclosed to the plaintiff unless the defendant specifies otherwise.

7. Exhibits must be listed before trial on exhibit forms available from the Clerk's office or on the Court's external web page at http://www.ned.uscourts.gov/forms. The exhibits should be numbered as provided by NECrimR 12.7.

8. The courtroom deputy will take custody of the exhibits after they are received by the Court.

9. Parties shall deliver to the undersigned's chambers, on or before **Thursday, February 6, 2020**, trial copies of all exhibits in a three-ring binder organized for use by dividers or tabs. Exhibits provided by the defendant shall not be disclosed to the plaintiff unless the defendant specifies otherwise.

10. If a party will use a deposition at trial, the proponent must supply the Court with a copy of the deposition. If less than the whole deposition will be used, the copy must highlight the portions to be introduced. The proponent must also supply the Court with a list or index identifying by page and line the portions to be introduced. If a party objects to the introduction of deposition testimony, that party must supply the Court with a list specifying the precise nature of each objection and identifying its location by page and line.

11. At **9:15 a.m.** on the **first day of trial**, the Court will meet with counsel and clients, on the record in the courtroom. This will be an opportunity to dispose of any motions and last minute matters, prior to trial. Voir dire will commence immediately thereafter.

12. Each subsequent day of trial will begin at 8:45 a.m. unless the Court directs otherwise.

13. Questioning of witnesses will be limited to direct examination, cross-examination, and redirect examination unless the Court allows further examination.

14. The Court will conduct an initial voir dire of the prospective panel. Counsel will be permitted to conduct follow-up voir dire in areas not covered by the Court's examination or in an area which may justify further examination in view of a prospective juror's response during the Court's voir dire.

15. Witnesses who do not appear to testify when scheduled will be considered withdrawn. The trial will then proceed with the presentation of any remaining evidence.

16. A list of the equipment available in the courtroom, and a virtual tour of the courtroom, is available on the Court's external web page at http://www.ned.uscourts.gov/attorney/courtroom-technology.

17. Counsel shall notify the courtroom deputy at least a week in advance if the services of an interpreter will be required for a hearing or trial.

Dated this 8th day of January, 2020.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Chief United States District Judge