IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3092 |
| vs. | TRIAL ORDER |
| ROBERT HARRY GOODMAN, JR., | |
| Defendant. | |

This matter is before the Court on the defendant's unopposed motion to continue (filing 127). Based on the representations made in support of the motion, and after discussion with the parties, the Court will grant the defendant's motion. The ends of justice and public health considerations served by continuing the trial outweigh the interests of the public and the defendant in a speedy trial and, although counsel have been duly diligent, additional time is needed to complete settlement discussions and, if necessary, to adequately prepare this case for trial. 18 U.S.C. § 3161(h)(1) & (h)(7). Accordingly,

IT IS ORDERED:

1. The defendant's motion to continue (filing 127) is granted, and the trial currently set for August 24, 2020 is continued.

2. The parties are directed to complete discussion of a possible plea agreement on or before September 1, 2020, and promptly inform the Court and set a change of plea hearing with the Magistrate Judge if an agreement is reached.

3. The parties shall conduct any necessary depositions and complete discovery on or before September 30, 2020.

4. The above-captioned criminal case is set for a jury trial before the undersigned judge in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, NE before Chief Judge John M. Gerrard., commencing at 9:00 a.m. on <u>Monday, November 2, 2020,</u> as the first case on the Court's trial calendar, for a duration of 3 or 4 trial days.

5. The time between today's date and November 2, 2020, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act. Failing to timely object to this order will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

6. No further continuances will be granted without a <u>substantial</u> showing of good cause.

7. A pretrial conference or teleconference is scheduled to be held before the undersigned judge in chambers at <u>10:30 a.m. on Wednesday, October 28, 2020</u>. If a teleconference is requested, an email will be sent to counsel of record with instructions for participating in the pretrial conference.

8. The filing, briefing, and hearing of pretrial motions, including *ex parte* motions and applications, shall be governed by NECrimR [12.1](#) to [12.6](#). Motions shall be filed <u>on or before Tuesday, October 27, 2020.</u> Counsel must <u>immediately</u> notify the Court of any pretrial motion requiring an evidentiary hearing outside the presence of the jury.

9.  The plaintiff shall file and serve on opposing counsel <u>on or before Tuesday, October 27, 2020</u>, as appropriate, all proposed jury instructions, trial briefs, suggested verdict forms, and witness lists. In particular, the plaintiff's witness list shall include the full name and address of each witness whom the party may call to testify at trial.

10. The defendant is also encouraged to provide the Court, on or before Tuesday, October 27, 2020, proposed jury instructions and a trial brief. Any materials so submitted shall not be disclosed to the plaintiff unless the defendant specifies otherwise.

11. Exhibits must be listed before trial on exhibit forms available from the Clerk's office or on the Court's external web page at http://www.ned.uscourts.gov/forms. The exhibits should be numbered as provided by NECrimR 12.7.

12. The courtroom deputy will take custody of the exhibits after they are received by the Court.

13. Parties shall deliver to the Court, <u>on or before Tuesday, October 27, 2020</u>, trial copies of all exhibits in a three-ring binder organized for use by dividers or tabs. Exhibits provided by the defendant shall not be disclosed to the plaintiff unless the defendant specifies otherwise.

14. If a party will use a deposition at trial, the proponent must supply the Court with a copy of the deposition. If less than the whole deposition will be used, the copy must highlight the portions to be introduced. The proponent must also supply the Court with a list or index identifying by

page and line the portions to be introduced. If a party objects to the introduction of deposition testimony, that party must supply the Court with a list specifying the precise nature of each objection and identifying its location by page and line.

15. If a party intends to use testimony in a videotaped deposition and the opponent objects to any portion of it, the proponent must supply the Court with a transcript of the testimony from the deposition. The transcript must highlight the portions of the testimony to be introduced. The proponent must also supply the Court with a list or index identifying by page and line in the transcript the portions to be introduced. If a party objects to the introduction of videotaped deposition testimony, that party must supply the Court with a list specifying the precise nature of each objection and identifying its location in the transcript by page and line.

16. At 9:00 a.m. on the first day of trial, the Court will meet with counsel and clients, on the record in the courtroom. This will be an opportunity to dispose of any motions and last minute matters, prior to trial. Voir dire will commence immediately thereafter.

17. Each subsequent day of trial will begin at 8:45 a.m. unless the Court directs otherwise.

18. Questioning of witnesses will be limited to direct examination, cross-examination, and redirect examination unless the Court allows further examination.

19. The Court will conduct an initial voir dire of the prospective panel. Counsel will be permitted to conduct follow-up voir dire in areas not covered by the Court's examination or in an area which may justify further examination in view of a prospective juror's response during the Court's voir dire.

20. Witnesses who do not appear to testify when scheduled will be considered withdrawn. The trial will then proceed with the presentation of any remaining evidence.

21. A list of the equipment available in the courtroom, and a virtual tour of the courtroom, is available on the Court's external web page at http://www.ned.uscourts.gov/attorney/courtroom-technology.

22. Counsel shall notify the courtroom deputy at least a week in advance if the services of an interpreter will be required for a hearing or trial.

Dated this 13th day of August, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge